GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
Email: tkading@hbwllp.com
BETH C. KEARNEY (SB# 234762)
Email: bkearney@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA  92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as
"WELLS FARGO BANK, a California Corporation")

FILED
2010 JAN 21  AM 10: 13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JESSICA URSO, an individual,<br><br>      Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, a California Corporation, and DOES 1 through 20, inclusive,<br><br>      Defendant. | CASE NO. **SACV10-00091 JVS(RNBX)**<br>CASE NO. _____<br><br>(Orange County Superior Court Case No. 30-2009 00290980)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441(b), (c), 1446(b), 1367(a)** |

COPY

42082

1  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

2  DISTRICT OF CALIFORNIA, PLAINTIFF JESSICA URSO AND HER

3  ATTORNEYS OF RECORD:

4

5        PLEASE TAKE NOTICE THAT, based on the following, Defendant

6  Wells Fargo Bank, N.A. (erroneously sued herein as "Wells Fargo Bank, a

7  California Corporation") (hereinafter "Wells Fargo") hereby removes to this Court

8  the state court action described below.

9

10       1.    On August 4, 2009, an action was commenced in the Superior

11  Court of the State of California in and for the County of Orange, entitled "JESSICA

12  URSO, an individual v. WELLS FARGO BANK, a California Corporation, and

13  DOES 1 through 20, inclusive," Case Number 30-2009 00290980.  The Complaint

14  alleges causes of action for:  (1) Pregnancy Discrimination, (2) Unlawful Denial of

15  Family Leave, (3) Wrongful Termination, and (4) Waiting Time Penalties - Late

16  Payment of Wages.  A true and correct copy of the Complaint, Summons, Civil

17  Case Cover Sheet, and Certificate of Service are attached hereto as Exhibit "A."

18

19       2.    As stated above, Plaintiff Jessica Urso's ("Plaintiff") complaint

20  alleges a cause of action for "Unlawful Denial of Family Leave," but it is not

21  apparent on the face of the document, and thus was not apparent at the time

22  Plaintiff served her complaint on Wells Fargo, whether the cause of action is

23  asserted under the State's California Family Rights Act (Cal. Gov't Code §

24  12945.2), the Federal Family Medical Leave Act (29 U.S. C. § 2601 et seq.), or

25  both.  The complaint does not include a reference to either statute (or any statute) as

26  the basis of Plaintiff's claim.

27

28

42082                            -1-
─────────────────────────────────────
NOTICE OF REMOVAL

3.      On December 30, 2009, Plaintiff served by mail responses to Requests for Admission propounded by Wells Fargo.  Wells Fargo's Requests for Admission (Set One) and Plaintiff's Responses to Requests for Admission (Set One) are attached hereto as Exhibits "B" and "C," respectively.  In its Request for Admission No. 3, Wells Fargo asks Plaintiff to "Admit that YOUR COMPLAINT does not allege a claim that DEFENDANT violated the Family Medical Leave Act."  Plaintiff's verified response to Request for Admission No. 3 states "Denied." Therefore, it is clear from Plaintiff's response that her Complaint alleges a claim under the Family Medical Leave Act.

4.      A defendant has 30 days from the time it ascertains that an action is removable to file and serve its removal papers.  See 28 U.S.C. § 1446(b) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").  "Courts have found that a defendant may remove under the "other paper" provision of Section 1446(b) based on a plaintiff's discovery responses or deposition testimony."  Steiner v. Horizon Moving Sys. Inc., 568 F. Supp. 2d 1084, 1087 (C.D. Cal. 2008); see also Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (interrogatory responses established removability).

5.      Wells Fargo first ascertained that Plaintiff was asserting a federal cause of action under the Family Medical Leave Act upon receipt of her response to Request for Admission No. 3, served by mail on December 30, 2009. This removal has been filed and served within 30 days of December 30, 2009, and therefore is timely.

42082

-2-

NOTICE OF REMOVAL

6.    This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Wells Fargo pursuant to 28 U.S.C. § 1441(b) and (c), in that it arises under a federal statute, specifically, the Family Medical Leave Act (29 U.S.C. § 2601 et seq.). This case is being removed to the Southern Division of the United States District Court, Central District of California, because it was originally filed and pending in the Orange County Superior Court.

7.    This Court has supplemental jurisdiction over any and all remaining state law claims in the Complaint under 28 U.S.C. § 1367(a), as they share a common nucleus of operative facts with Plaintiff's federal claims and/or form the basis of those federal claims. Convenience, judicial economy, and fairness to the parties require that all of Plaintiff's claims be litigated together in a single forum. 28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966). These supplemental claims are, therefore, removable under 28 U.S.C. § 1441(c).

8.    Attached hereto as Exhibit "D" is a copy of Wells Fargo's Answer to Plaintiff's Unverified Complaint, which was served and filed with the Superior Court for the State of California, County of Orange, on September 9, 2009, prior to this removal. Attached hereto as Exhibit "E" is a copy of the Notice of Case Management Conference served on Wells Fargo by the Court on October 27, 2009. Attached hereto as Exhibit "F" are copies of the Case Management Statement served by Wells Fargo on December 3, 2009, and the Case Management Statement served by Plaintiff on Wells Fargo on December 4, 2009.

42082

-3-

9. Notice of this removal is being given to both Plaintiff and to the Clerk of the Court of Orange County Superior Court. True and correct copies of these notices are attached as Exhibits "G" and "H," respectively. Proof of service of the Notice to Adverse Party of Removal to Federal Court will be filed with this Court immediately after the Superior Court filing is accomplished. Exhibits "A," "D," "E," "F," "G," and "H" constitute all process, pleadings or orders served on or by Wells Fargo in this action.

WHEREFORE, pursuant to the provisions of Title 28, Sections 1441(b), (c), 1446(b), and 1367(a) of the United States Code, Defendant removes the above action from the Superior Court of the State of California for the County of Orange to this Court.

Dated: January _20_, 2010      HODEL BRIGGS WINTER LLP
GLENN L. BRIGGS
THERESA A. KADING
BETH C. KEARNEY

By: _____
BETH C. KEARNEY

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as "WELLS FARGO BANK, a California Corporation")

42082

-4-

NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, a California corporation, AND DOES 1
through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESSICA URSO, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

## AUG 05 2009

ALAN CARLSON, Clerk of the Court

BY:_____N. DORFMAN_____,DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **30-2009 00290980** |
|---|---|

Superior Court, State of California, 700 Civic Center Drive West,
Santa Ana, CA 92701

**JUDGE KAZUHARU MAKINO**
**DEPT. C3**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristine S. Karila, 2901 W. Coast Highway, Ste 200, Newport Beach, CA 92663 (949) 481-6909

| DATE: *(Fecha)* AUG 0 5 2009 | **ALAN CARLSON** | Clerk, by *(Secretario)* | N. DORFMAN | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* *Wells Fargo Bank*

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* *14 Aug 0 9*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, a California corporation, AND DOES 1
through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESSICA URSO, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**AUG 05 2009**

ALAN CARLSON, Clerk of the Court

BY: _____N. DORFMAN_____, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court, State of California, 700 Civic Center Drive West,
Santa Ana, CA  92701

CASE NUMBER:
*(Número del Caso):*

**30-2009 00290980**

**JUDGE KAZUHARU MAKINO**
**DEPT. C3**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kristine S. Karila, 2901 W. Coast Highway, Ste 200, Newport Beach, CA  92663 (949) 481-6909

DATE:
*(Fecha)* **0 5 2009**   ALAN CARLSON   Clerk, by   N. DORFMAN   , Deputy
                                           *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 05 2009

ALAN CARLSON, Clerk of the Court

BY: ___N. BOREMAN___ DEPUTY

1  Law Office of Kristine S. Karila, SB 162239
2  2901 W. Coast Highway, Suite 200
   Newport Beach, CA  92633
3  (949) 481-6909
   Counsel for Plaintiff
4

5              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

6          FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

7

8  JESSICA URSO, an individual,           )        30-2009
                                          )
9                                         )   Case No.   0 0 2 9 0 9 8 0
                                          )
10              Plaintiff,                 )
                                          )
11         v.                             )   **COMPLAINT FOR DAMAGES**
                                          )
12  WELLS FARGO BANK, a California         )
13  Corporation,                          )   **Employment Discrimination: Pregnancy;**
    AND DOES 1 through 20, inclusive,     )   **Unlawful Denial of Family Leave; wrongful**
14                                        )   **Termination; Waiting Time Penalties-**
                                          )   **Late Payment of Wages**
15              Defendant.                )
                                          )   Claim for over $50,000
16                                        )   Demand for Jury Trial
17                                        )

18  ──────────────────────────────        **JUDGE KAZUHARU MAKINO**
                                              **DEPT. C3**
19

20      Plaintiff, Jessica Urso alleges as follows:

21      1.   Plaintiff, Jessica Urso is an individual residing in the County of Orange,

22  State of California.

23

24      2.   Defendant, Wells Fargo Bank is a California corporation doing

25  business in Orange County, State of California.

26      3.   Plaintiff is, at this time, unaware of the true names and capacities of defendants

27

28
                                          1
              Complaint for Damages – Employment Discrimination - Pregnancy

1    sued herein as DOES 1 through 20, inclusive, and therefore, sues these defendants by such

2    fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities

3    when ascertained.

4        4.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously

5    named defendants is responsible in some manner for the occurrences herein alleged and that

6    Plaintiff's damages as herein alleged were proximately caused by such defendants.

7        5.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

8    mentioned each of the defendants was the agent, supervisor, and employee of each of the

9

10   remaining defendants and, in doing the things hereinafter alleged, was acting within the course

11   and scope of such agency and employment.

12       6.  Prior to filing this action, Plaintiff filed a complaint with the Department of Fair

13

14   Employment and Housing on July 1, 2009.  On or about July 3, 2009, Plaintiff was issued a Right

15   to Sue letter from Department of Fair Employment and Housing.   Plaintiff provided a copy of

16   the complaint to Defendant's counsel.

17

18                                    **STATEMENT OF FACTS**

19       7.  Plaintiff realleges and incorporates by reference herein all of the allegations

20

21   contained in paragraphs 1 through 6 of this Complaint.

22       8.  On or about January 3, 2005, Plaintiff was hired by Defendant Wells Fargo Bank as a

23

24   personal banker.

25       9.  In January, 2009, Plaintiff was employed full time at the Rancho Santa Margarita

26   branch of Wells Fargo Bank.

27

28

                                              2
                   Complaint for Damages – Employment Discrimination - Pregnancy

10.  In January, 2009 Plaintiff experienced complications due to her early pregnancy and was advised by her physician to reduce her work hours to thirty hours per week and to reduce stress as much as possible.

11.  Plaintiff's physician provided a written letter regarding Plaintiffs' pregnancy complications and advised Wells Fargo Bank  that Plaintiff needed to limit her work hours to thirty hours per week.

12.  Plaintiff submitted her physician's letter to her direct supervisor, Shaun Allen and requested to work no more than thirty hours per week.

13.  Wells Fargo Bank and Shaun Allen accommodated Ms. Urso's request and scheduled her to work thirty hours per week.

14.  Shaun Allen's wife was pregnant and approximately as far along with her pregnancy as Ms. Urso.

15.  Shaun Allen, Ms. Urso's direct supervisor, took it upon himself to advise Ms. Urso what physical activities she could and could not do, in direct contradiction of Ms. Urso's physician. Mr. Allen is not a medical practitioner.

16.  Mr. Allen and Wells Fargo allowed Ms. Urso to work the reduced work schedule as prescribed by her physician until April, 2009 when Mr. Allen advised Ms. Urso that she would have to work forty hours or "find another job."  He stated that he required her to resume working forty hours in May, 2009 and provided a written schedule exceeding the thirty hour limit prescribed by Ms. Urso's physician.

17.  It is believed that Mr. Allen required Ms. Urso to work forty hours per week because his pregnant wife, who had no pregnancy complications, was doing so.

3

Complaint for Damages – Employment Discrimination - Pregnancy

18. In April, 2009, the Human Resources Department of Wells Fargo Bank gave Ms. Urso a Medical Certification Form/Family and Medical Leave Act for her physician to complete.

19. Ms. Urso's physician, Sara Ramirez, M.D., completed the form stating that Ms. Urso would need six to eight weeks leave from work beginning August 24, 2009 just prior to giving birth and thereafter to care for her newborn baby.

20. Ms. Urso's husband is a military member who is deployed overseas.

21. Because Dr. Ramirez had already provided a letter to Wells Fargo Bank indicating that Ms. Urso needed to reduce her work hours to 30 hours per week due to pregnancy complications, the Family Leave form appeared to ask about leave in addition to the reduced work hours already requested.

22. After Wells Fargo's Human Resources personnel reviewed Dr. Ramirez's completed Family Leave form, Ms. Urso was advised that because she was not "completely incapacitated" and not required to "lay in bed all day," that she would be required to work forty hours per week and that her request for family leave time off of work just prior to the birth of her baby and after the birth – to care for her newborn baby – was DENIED!

23. Wisely, Ms. Urso was not willing to risk her own health or that of her unborn baby. Like all new mothers, Ms. Urso needed time off to give birth and to care for her infant, as the law permits.

24. Unfortunately, Ms. Urso's pregnancy complications only permitted her to work a maximum of thirty hours per week or risk harm to herself or her baby.

25. Ms. Urso's request to continue to work thirty hours per week and to take family leave was denied and she was retaliated against by being forced to work forty hours per week

Complaint for Damages – Employment Discrimination - Pregnancy

or quit.   The conduct of Wells Fargo Bank and Mr. Allen caused additional undue stress to Ms. Urso, which Mr. Allen knew she needed to avoid.

26. Ms. Urso needed her job and wanted to stay at Wells Fargo Bank.   Therefore, she asked Mr. Allen if she could be demoted to a part time position or to work any position she could so that she could reduce her work hours to thirty per week as advised by her physician.

27. Ms. Urso advised Mr. Allen that she would take a cut in pay if he and Wells Fargo Bank  would accommodate her request to work thirty hours per week and then take time off just prior to giving birth and thereafter to care for her newborn baby.   Mr. Allen denied her requests and advised her to either work forty hours per week or "find another job."

28. Due to the ultimatum to either defy her doctor's orders and work forty hours per week or "find a new job," Ms. Urso considered her employment to have been constructively terminated on May 1, 2009.   As such, she left her employment at Wells Fargo Bank, acting in the best interests of her health and that of her unborn baby.

29. Upon information and belief, Wells Fargo Bank has a pattern and history of discriminating against pregnant employees and has been sued in the past for such discrimination.

30. On May 29, 2009, Ms. Urso's counsel submitted a letter to Wells Fargo Bank, outlining Ms. Urso's claims of discrimination and violating her right to family leave and pregnancy disability accommodation.   That letter has never been responded to by Wells Fargo Bank or its in-house counsel.   The only response on behalf of Wells Fargo Bank was submitted by an in-house attorney who, on June 15, 2009, stated that "the Wells Fargo Law Department is

Complaint for Damages – Employment Discrimination - Pregnancy

currently investigating the matter brought forth in your letter, and will provide you a response as soon as possible."

31. Six weeks has passed and Wells Fargo has still not replied to Ms. Urso's claim of discrimination based upon pregnancy and failure to provide a pregnant employee with reasonable accommodations or family leave, as is required by law.   It appears that Wells Fargo does not care about its pregnant employees, fails to provide the required training for its supervisors and other employees with regard to pregnancy disability leave or family leave and fails to take claims of pregnant employees seriously.   Time off for pregnancy complications or to give birth appears to be viewed by Wells Fargo Bank as a burden which costs the bank money.

**FIRST CAUSE OF ACTION**

**(PREGNANCY DISABILITY DISCRIMINATION)**

32.   Plaintiff reasserts paragraphs 1 through 31 set forth above as though fully set forth herein.

33. California law requires an employer to accommodate a pregnant employee who is disabled in any way by her pregnancy.   In fact, California law requires an employer to allow the employee four full months (640 hours total) plus an additional twelve weeks under family leave laws to care for herself and/or her unborn or newborn baby.

34.   California law allows pregnancy disability leave to be taken intermittently or on a reduced work schedule when medically advisable, as determined by the employee's health care provider.

Complaint for Damages – Employment Discrimination - Pregnancy

35.  Wells Fargo Bank allowed Ms. Urso to reduce her work hours from forty to thirty hours per week from on or about January 15, 2009 to May 1, 2009.  During those months, Wells Fargo Bank accommodated Ms. Urso's request to limit her work hours to thirty per week and allowed Ms. Urso  approximately 140 hours leave as pregnancy disability accommodation. However, Wells Fargo Bank denied Ms. Urso's request for continued leave of ten hours per week.  California law provides that Ms. Urso  was entitled to an additional 500 hours of pregnancy disability leave plus twelve weeks under family leave laws.  However, Mr. Allen and Wells Fargo Bank denied Ms. Urso leave as requested and prescribed by her medical care provider.

36.  As a proximate cause of Wells Fargo Bank's refusal to reasonably accommodate Ms. Urso and due to Wells Fargo Bank's constructive termination of Ms. Urso's employment, Ms. Urso has lost wages, benefits, financial distress and suffered humiliation, sadness, fatigue, depression, loss of sleep, headaches, and anxiety in amount to be proved at trial.

**SECOND CAUSE OF ACTION**

**(Refusal to Provide Family Leave To Give Birth)**

37.  Plaintiff re-alleges paragraphs 1 through 36 and incorporates the same as though fully set forth herein.

38. In April, 2009, Wells Fargo Bank's Human Resources Department provided a Medical Certification Form – Family and Medical Leave Act to Ms. Urso and requested that her physician complete it and return it to Wells Fargo Bank.

39.  On April 22, 2009, Sara Ramirez, M.D., Ms. Urso's physician completed the form stating that Ms. Urso needed time from work on or about August 24, 2009 to give birth.  Dr.

7

Complaint for Damages – Employment Discrimination - Pregnancy

Ramirez stated that Ms. Urso needed six to eight weeks to give birth and then care for her infant.

40. On or about April 22, 2009, Ms. Urso provide the completed Medical Certification Form to Wells Fargo Bank.

41. Shortly after the bank's receipt of the completed Medical Certification form, Ms. Urso was advised by Wells Fargo Bank's Human Resources Department that her request for family leave for the purpose of giving birth and then caring for her newborn baby was denied.

42. Ms. Urso asked why her request was denied and was advised that because she was not "completely incapacitated" and not required to "lay in bed all day," she was ineligible for family leave.

43. Ms. Urso was entitled to family leave, having fulfilled all prerequisites for the same, including the length of time of service and hours worked.

44. Wells Fargo Bank is an employer which is required to provide family leave to eligible employees.

45. Wells Fargo Bank's denial of Ms. Urso's request for family leave to give birth and then care for her infant was a violation of Ms. Urso's rights.

46. Upon information and belief, Wells Fargo Bank has a pattern and history of discrimination against pregnant employees.

47. As a proximate result of Wells Fargo Bank's denial of Ms. Urso's request to take family leave and its demand that she work full time regardless of pregnancy complications or "find a new job", Ms Urso considered her employment to be constructively terminated on May 1, 2009.

Complaint for Damages – Employment Discrimination - Pregnancy

48.   As a proximate result of Wells Fargo Bank's unlawful denial of Ms. Urso's request for family leave, Ms. Urso has experienced lost wages, benefits, and suffered humiliation, sadness, depression, loss of sleep, headaches, and anxiety in an amount to be proved at trial.

### THIRD CAUSE OF ACTION

### (Wrongful Termination)

49.   Plaintiff realleges Paragraphs 1 through 48 above and incorporates the same as though fully set forth herein.

50.   In April, 2009, Shaun Allen, Manager of Wells Fargo Bank advised Ms. Urso that her requests for a reasonable accommodation related to her pregnancy complications, including her request for a reduced work schedule, transfer to part time, demotion, and reduction in pay were denied and that even though she suffered pregnancy complications, she would need to work forty hours per week or "find another job" as of May 1, 2009.

51.   In April, 2009, Wells Fargo Bank's Human Resources Department advised Ms. Urso that her request for family leave to give birth and then care for her newborn baby was denied because she was not "completely incapacitated" and not required to "lay in bed all day."

52.   Ms. Urso's physician prescribed a maximum of a thirty hour work week and completed a Medical Certification advising Wells Fargo Bank that Ms. Urso needed to take an additional six to eight weeks, under family leave laws, in August, 2009 to give birth and then care for her newborn baby. Wells Fargo Bank despicably refused to accommodate Ms. Urso's and her unborn baby's medical needs, and instead required Ms. Urso to incur medical risks which her physician prescribed against or "find another job."

Complaint for Damages – Employment Discrimination - Pregnancy

53.   Because Ms. Urso chose not to incur medical risks to her own health or that of her unborn baby, she denied the demand to work the forty hour schedule provided to her to begin May 1, 2009.   Ms. Urso asked Mr. Allen once again if he would accommodate her request to work thirty hours per week and offered a cut in pay, demotion, etc.   Mr. Allen replied with the ultimatum that Ms. Urso either work at her job forty hours per week or "find a new job."   As such, Ms. Urso considered her employment to be constructively terminated on May 1, 2009.

54.   Wells Fargo Bank's unlawful refusal to provide family leave to Ms. Urso, coupled with Mr. Allen's ultimatum that Ms. Urso either work forty hours per week , against her physician's advice or "find a new job," resulted in the wrongful termination of Ms. Urso's employment.   The termination of her employment was based upon Wells Fargo Bank's discrimination against pregnant employees.

55.   Wells Fargo Bank's and Mr. Allen's conduct were in violation of public policy and laws governing employment leave of pregnant employees and mothers of newborn babies.

56.   As a proximate result of Defendant's conduct, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment and mental anguish in an amount to be proved at trial.

**FOURTH CAUSE OF ACTION**

**(Waiting Time Penalties for Late Payment of Wages)**

57.   Plaintiff reasserts paragraphs 1 through 56 above as though fully set forth herein.

58.   Plaintiff's employment at Wells Fargo Bank was constructively terminated on May 1, 2009.

10
Complaint for Damages – Employment Discrimination - Pregnancy

59. California law provides that when an employee is terminated, the employee's final pay check must be paid immediately.

60. Wells Fargo Bank did not provide Ms. Urso's final paycheck until May 15, 2009 -- Fifteen days after her employment was constructively terminated.

61. California law provides that if an employer fails to provide an employee's final pay check immediately upon termination, waiting time penalties of one day's pay for each day the employee waits to receive final pay is incurred against the employer.

62. Because of the late payment of Ms. Urso's wages, Wells Fargo Bank has incurred waiting time penalties of fourteen days' pay in the amount of $158.40 per day for a total of $2217.60.

63. California law provides that when an employer willfully fails to provide an employee's final pay to the employee immediately upon termination, the employer shall pay the employee's attorneys' fees and court costs.


WHEREFORE, Plaintiff prays for judgment as follows:

    1. For back pay, front pay, and other monetary relief according to proof;

    2. For general damages in the sum of at least $50,000, according to proof;

    3. For punitive damages in an amount appropriate to punish defendant for its wrongful conduct and pattern of discrimination against pregnant employees and set an example for others;

    4. For interest;

    5. Waiting time penalties for late payment of wages;

11

Complaint for Damages -- Employment Discrimination - Pregnancy

6.  For reasonable attorneys' fees and costs, including expert witness fees;

7.  For costs of suit herein incurred; and

8.  For such other and further relief as the court deems proper.

DATED:   August 4, 2009                          LAW OFFICE OF KRISTINE S. KARILA


By _____
    Kristine S. Karila
    **Counsel to Plaintiff, Jessica Urso**

12

Complaint for Damages – Employment Discrimination - Pregnancy

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Law Office of Kristine S. Karila, SB 162239<br>2901 W. Coast Highway, Suite 200<br>Newport Beach, CA 92663<br>TELEPHONE NO.: 949-481-6909       FAX NO.:<br>ATTORNEY FOR *(Name):* Jessica Urso | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>AUG 05 2009<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY:  N. DORFMAN        .DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Urso v. Wells Fargo Bank

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2009 |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT:  00290980 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* four
5. This case ☐ is   ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 4, 2009
Kristine S. Karila
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C12 | MOBERLY 714-834-4656 | Friday 2:00 p.m. | M,W,Th,F 1:30 p.m. | Noon | 3:00 p.m. | Yes - 4:30 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing.  To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk  (714) 834-4656 to reserve a data no later than noon, the day prior to the hearing. |
| C16 | MONROE 714-834-4694 | Tuesday   2:00 p.m. | T,W, Th 8:30 a.m. | Noon | 4:00 p.m. | Yes - by 4:00 p.m. the day before | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m. |
| C23 | MOSS 714-834-4806 | Friday 10:00 a.m. | Daily    8:30 a.m. | Not required | 12:00 p.m. | Yes - by 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C13 | MUÑOZ 714-834-3700 | Thursdays at 2:00 pm | M, T, W, Th 8:30 a.m. | 10:00 a.m. | Noon | Yes - by 4:00 p.m. the day before | |
| C64 | MYERS 714-834-4370 | Thursday Unlimited/Omni 1:30 p.m. Limited 2:30 p.m. | M, T, W, Th 1:30 p.m. Fri 11:00 a.m.-emergency only | 4:00 p.m. | M, T, W, Th,   10:00 a.m. day of  ex parte; Friday, 9:00 a.m. day of ex parte | No | |
| C4 | NAKAMURA 714-834-5135 | Thursday 2:00 p.m. | M, T, W, Th 1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th,   10:00 a.m. day of   ex parte | Yes - by 4:00 p.m. the day before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐  Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                California Rules of Court, rule 3.221
L1270 (Rev February, 2008)



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

DKS / ALL
**Transmittal Number: 6899402**
**Date Processed: 08/14/2009**

| | |
|---|---|
| **Primary Contact:** | Diana Benda<br>Wells Fargo Financial, Inc.<br>800 Walnut Street<br>Des Moines, IA 50309 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank |
| **Title of Action:** | Jessica Urso vs. Wells Fargo Bank |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Orange County Superior Court, California |
| **Case Number:** | 30-2009-00290980 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/14/2009 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Kristine S. Karila<br>949-481-6909 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# **EXHIBIT B**

1    GLENN L. BRIGGS (SB# 174497)
     Email: gbriggs@hbwllp.com
2    THERESA A. KADING (SB# 211469)
     Email: tkading@hbwllp.com
3    BETH C. KEARNEY (SB# 234762)
     Email: bkearney@hbwllp.com
4    HODEL BRIGGS WINTER LLP
     8105 Irvine Center Drive, Suite 1400
5    Irvine, CA  92618
     Telephone: (949) 450-8040
6    Facsimile: (949) 450-8033

7    Attorneys for Defendant
     WELLS FARGO BANK, N.A. (erroneously sued
8    herein as "WELLS FARGO BANK, a California Corporation")

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

                    COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
11

12
     JESSICA URSO, an individual,            CASE NO. 30-2009 00290980
13
                    Plaintiff,               Assigned for All Purposes to The Honorable
14                                           Kazuharu Makino, Department C3
              vs.
15                                           **WELLS FARGO BANK, N.A.'S**
     WELLS FARGO BANK, a California          **REQUEST FOR ADMISSIONS TO**
16   Corporation, and DOES 1 through 20,     **PLAINTIFF JESSICA URSO**
     inclusive,
17                                           [Complaint Filed: August 5, 2009]
                    Defendant.
18

19

20

21

22
     PROPOUNDING PARTY: WELLS FARGO BANK, N.A.
23
     RESPONDING PARTY:   JESSICA URSO
24
     SET NO.:            ONE
25

26

27

28

40832
                    REQUEST FOR ADMISSIONS TO PLAINTIFF JESSICA URSO

1    Pursuant to California Code of Civil Procedure Sections 2033.010, *et seq.*,

2    Defendant WELLS FARGO BANK, N.A. (hereinafter "Defendant") hereby requests that

3    plaintiff Jessica Urso ("Plaintiff") admit the following facts within (35) days after service

4    of these requests by mail.

5

6                        **REQUEST FOR ADMISSION**

7

8    **REQUEST FOR ADMISSION NO. 1:**

9        Admit that YOUR COMLAINT does not allege a claim that DEFENDANT

10   violated the California Family Rights Act.

11       As used herein, the terms "YOU" and "YOUR" refer to plaintiff Jessica Urso.

12       As used herein, the term "COMPLAINT" refers to plaintiff's complaint on file

13   herein.

14       As used herein, the term "DEFENDANT" refers to defendant Wells Fargo Bank,

15   N.A.

16

17   **REQUEST FOR ADMISSION NO. 2:**

18       Admit that DEFENDANT did not violate the California Family Rights Act.

19

20   **REQUEST FOR ADMISSION NO. 3:**

21       Admit that YOUR COMPLAINT does not allege a claim that DEFENDANT

22   violated the Family Medical Leave Act.

23

24

25

26

27

28

40832

-1-

1

**REQUEST FOR ADMISSION NO. 4:**

2

     Admit that DEFENDANT did not violate the Family Medical Leave Act.

3

4

Dated: November 5, 2009

HODEL BRIGGS WINTER LLP

5

GLENN L. BRIGGS
THERESA A. KADING

6

BETH C. KEARNEY

7

8

By:_____
              BETH C. KEARNEY

9

Attorneys for Defendant

10

WELLS FARGO BANK, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF ORANGE         )

     I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

     On **November 5, 2009**, I served the foregoing document(s) described as: **WELLS FARGO BANK, N.A.'S REQUEST FOR ADMISSIONS TO PLAINTIFF JESSICA URSO** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Kristine S. Karila
Law Offices of Kristine S. Karila
2901 W Coast Highway, Ste 200
Newport Beach, CA 92660
T: 949-481-6909
F: 949-481-6910

☒    **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐    **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 5, 2009**, at Irvine, California.

_____
Valerie Beechler

# EXHIBIT C

RECEIVED

DEC 3 1 2009

HODEL BRIGGS WINTER LLP

1 | LAW OFFICE OF KRISTINE S. KARILA (SB 162239)
2 | 2901 W. Coast Highway, Suite 200
Newport Beach, CA  92633
3 | (949) 481-6909
4 | Counsel for Plaintiff

5 |                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA

6

7 |             FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

8

| JESSICA URSO, an individual, | ) | |
|---|---|---|
| | ) | Case No.   30-2009-00290980 |
| | ) | |
| Plaintiff, | ) | Assigned for All Purposes to The |
| | ) | Honorable Kazuharu Makino |
| | ) | Dept. C3 |
| v. | ) | |
| | ) | **PLAINTIFF JESSICA URSO'S** |
| | ) | **RESPONSE TO DEFENDANT'S** |
| WELLS FARGO BANK, a California | ) | **REQUEST FOR ADMISSIONS** |
| Corporation, | ) | |
| AND DOES 1 through 20, inclusive, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | Claim for over $50,000 |
| | ) | Demand for Jury Trial |
| | ) | |

**PROPOUNDING PARTY:**        **WELLS FARGO BANK, N.A.**

**RESPONDING PARTY:**         **JESSICA URSO**

**SET NO.**                   **ONE**

1

Plaintiff's Responses to Request for Admissions

Pursuant to California Code of Civil Procedure Sections 2033.201, et seq., Plaintiff Jessica Urso (hereinafter "Plaintiff") hereby submits her responses to Defendant Wells Fargo Bank, N.A.'s Request for Admissions (Set One.)

**RESPONSE TO REQUEST FOR ADMISSION 1:**

Denied.

**RESPONSE TO REQUEST FOR ADMISSION 2:**

Denied.

**RESPONSE TO REQUEST FOR ADMISSION 3:**

Denied.

**RESPONSE TO REQUEST FOR ADMISSION 4:**

Denied.

Dec 29 2009 2:10PM    No 9407  P 14

1

## VERIFICATION

2   I read Plaintiff Jessica Urso's Response to Defendant's Request for Admissions and

3   know its contents.  I am a party to this action.

4

5   The answers I reviewed contained therein are true to the best of my knowledge.

6   I declare under penalty of perjury under the laws of the State of California that the

7   foregoing is true and correct.

8   Executed at Orange County, California on this 2<sup>9</sup> day of December, 2009.

9

10

11

12                              Jessica Urso

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, am employed in the aforesaid county; I am over the age of 18 years and not a party to this action; my business address is 2901 W. Coast Highway, Suite 200, Newport Beach, CA 92663.

On December 30, 2009, I served the document entitled Plaintiff Jessica Urso's Response to Defendant's Request for Admissions by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Theresa A. Kading, Esq.
Hodel Briggs Winter, LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618

  XX  BY MAIL

    On December 30, 2009, I deposited a sealed envelope containing the document described above in the mail at Laguna Niguel, CA.   The envelope was mailed with postage thereon fully prepaid.

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.   Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Laguna Niguel, CA, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 30, 2009 at Laguna Niguel, California.


                        Kristine S. Karila

# EXHIBIT D

1   THERESA A. KADING (SB# 211469)
    Email: tkading@hbwllp.com
2   ADRIANNE E. MARSHACK (SB# 253682)
    Email: amarshack@hbwllp.com
3   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
4   Irvine, CA 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    WELLS FARGO BANK, N.A. (erroneously sued herein as
7   "Wells Fargo Bank, a California Corporation")

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**SEP 09 2009**

ALAN CARLSON, Clerk of the Court

BY:_____R. LUCEY_____,DEPUTY

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  JESSICA URSO, an individual,          CASE NO. 30-2009 00290980

12              Plaintiff,                Assigned for All Purposes to The Honorable
                                          Kazuharu Makino, Department C3
13      vs.

14  WELLS FARGO BANK, a California        **DEFENDANT WELLS FARGO BANK,**
    Corporation, AND DOES 1 through       **N.A.'S ANSWER TO PLAINTIFF'S**
15  20, inclusive,                        **UNVERIFIED COMPLAINT FOR**
                                          **DAMAGES**
16              Defendant.
                                          [Complaint Filed: August 5, 2009]
17

18

19

20

21

22

23

24

25

26

27

28

39769

COPY

Defendant Wells Fargo Bank, N.A. (erroneously sued herein as "Wells Fargo Bank, a California Corporation") (hereinafter "Defendant"), answers the unverified Complaint ("Complaint") of plaintiff Jessica Urso (hereinafter "Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Civil Procedure Code Sections 335.1, 338, 340, and 343, California Government Code Section 12965, and California Labor Code Section 203.

39769

-1-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff has failed to mitigate her damages, if any, and therefore any damages awarded to her must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's causes of action arising under the FEHA are barred because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA.  Cal. Gov't Code §§ 12900 et seq.

## FIFTH AFFIRMATIVE DEFENSE

5.     Any and all claims in the Complaint based in whole or in part upon any alleged physical or emotional injury or distress, are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act and before the Workers' Compensation Appeals Board.  Cal. Lab. Code §§ 3600 et seq.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff is barred, in part or total, from recovery of any damages, based upon the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

7.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

39769

-2-

## EIGHTH AFFIRMATIVE DEFENSE

8.     Defendant denies that it discriminated or retaliated against Plaintiff. However, if Plaintiff proves Defendant's acts, or any of them, were discriminatory or retaliatory, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged discriminatory or retaliatory grounds.

## NINTH AFFIRMATIVE DEFENSE

9.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or otherwise to avoid harm.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any greater rights than she would have had if she had been employed throughout a leave of absence.  Cal. Code Reg. 7291.9(c); 7297.2(c).  Plaintiff would not otherwise have been employed in her same position for legitimate business reasons unrelated to her pregnancy or her request for leave.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of employment of the employee(s) involved.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant did not authorize, direct or participate in any alleged discriminatory or retaliatory conduct.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    By virtue of Plaintiff's action or inaction, she is estopped as to any and all rights she may have under the facts alleged in the Complaint and each purported cause of action contained therein.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    By her conduct, Plaintiff has waived some or all of the causes of action asserted in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's causes of action, alleging wrongful termination, are barred because Defendant did not terminate Plaintiff's employment.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff is barred from recovering penalties pursuant to California Labor Code Section 203 because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages due, if any, to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims for penalties pursuant to California Labor Code Section 203 are barred, in whole or in part, because Defendant had a reasonable, honest and good faith belief that all of the wages earned by Plaintiff had been paid to Plaintiff and those similarly situated, if any, in a timely and lawful manner at the time they were owed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination and retaliation, and made good faith efforts to implement and enforce that policy.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional affirmative defenses.

## **PRAYER**

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by reason of her Complaint and Judgment be entered in favor of Defendant;

2.     That the Complaint herein be dismissed in its entirety with prejudice, and that judgment be entered for Defendant and against Plaintiff;

3.     That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1        4.     For such other and further relief as the Court deems just and proper.

2

3

4    Dated:  September 9, 2009        HODEL BRIGGS WINTER LLP

5                                       THERESA A. KADING
                                   ADRIANNE E. MARSHACK

6

7                            By: _____
                                  ADRIANNE E. MARSHACK

8

9                            Attorneys for Defendant
                        WELLS FARGO BANK, N.A. (erroneously sued

10                           herein as "Wells Fargo Bank, a California
                        Corporation")

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

39769

-6-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

On **September 9, 2009,** I served the foregoing document(s) described as: **DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Kristine S. Karila
Law Offices of Kristine S. Karila
2901 W Coast Highway, Ste 200
Newport Beach, CA 92660
T: 949-481-6909

☒    **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐    **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 9, 2009,** at Irvine, California.

**Valerie Beechler**

# EXHIBIT E

*Cal.*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center Drive<br>MAILING ADDRESS: P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF:    Jessica Urso | |
| DEFENDANT:  Wells Fargo Bank, N.A. | **Oct 27, 2009** |
| SHORT TITLE: Urso vs. Wells Fargo Bank | ALAN CARLSON, Clerk of the Court<br>By: Carolyn Reza, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2009-00290980-CU-WT-CJC |

Please take notice that a(n)  Case Management Conference                                    has been scheduled for hearing on

12/18/2009                at  02:00:00 PM                            in Department C03

of this court, located at    Central Justice Center                                    .

RECEIVED

OCT 3 0 2009

HODEL BRIGGS WINTER LLP

Clerk of the Court,  By:  *Carolyn Reza*                      , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana 92702

**SHORT TITLE:** Urso vs. Wells Fargo Bank

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** |
|---|---|
| | **30-2009-00290980-CU-WT-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>NOTICE OF HEARING</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u> on <u>10/27/2009</u>. The mailing occurred at <u>Sacramento</u>, <u>California</u> on <u>10/28/2009</u>.

Clerk of the Court, by: _Carolyn Reza_ _____ , Deputy

LAW OFFICE OF KRISTINE S. KARILA
2901 W COAST HIGHWAY # 200
NEWPORT BEACH, CA 92663

HODEL BRIGGS WINTER LLP
8105 IRVINE CENTER DRIVE #1400
IRVINE, CA 92618



SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
P.O. Box 22014
Santa Ana 92702



81.CRT30-20091028.S11

HODEL  BRIGGS  WINTER LLP
8105 IRVINE CENTER  DRIVE #1400
IRVINE, CA 92618

# **EXHIBIT F**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Theresa A. Kading (SB#211469)
Beth C. Kearney (SB#234716)
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
TELEPHONE NO.: (949) 450-8040   FAX NO. (Optional): (949) 450-8033
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendant Wells Fargo Bank, N.A.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 03 2009

ALAN CARLSON, Clerk of the Court

BY: N. DORFMAN ,DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: JESSICA URSO, an individual

DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A., et al. (erroneously sued as WELLS FARGO BANK, a California Corporation)

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [X] **UNLIMITED CASE**        [ ] **LIMITED CASE**<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | 30-2009 00290980 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: December 18, 2009        Time: 2:00 p.m.      Dept.: C03        Div.:        Room:

Address of court (if different from the address above):

[ ] Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Wells Fargo Bank, N.A.
   b. [ ] This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
       (1) [ ] have not been served (specify names and explain why not):
       (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
       (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint      (Describe, including causes of action):
   Plaintiff asserts causes of action for pregnancy disability discrimination, refusal to provide family leave to give birth, wrongful termination, and waiting time penalties for late payment of wages.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

COPY

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: JESSICA URSO, an individual | CASE NUMBER: |
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A., et al. (erroneously sued as WELLS FARGO BANK, a California Corporation) | 30-2009 00290980 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff claims that Defendant wrongfully denied her request to work a reduced work schedule, which she claims was required because of her pregnancy.  Plaintiff asserts that she was constructively discharged because Defendant denied her request to work a reduced work schedule.  Defendant denied Plaintiff's request to work a reduced work schedule because Plaintiff's physician specifically stated that Plaintiff did not need to work a reduced work schedule because of her pregnancy and thus, Plaintiff's request was not medically supported.  Plaintiff then walked off the job and never returned, thus resigning her employment with Defendant.  Defendant denies that Plaintiff was damaged in any way by any act or omission of Defendant.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Beth Kearney, counsel for Defendant, will be on maternity leave beginning on or about March 25, 2010, and returning on or about June 21, 2010.   April 5, 2010, through April 30, 2010 -- lead counsel has two trials during this time period; May 24, 2010, through June 7, 2010 -- lead counsel has one trial during this time period.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒ days *(specify number):* 5 to 7
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☒ has ☐ has not     provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: JESSICA URⴰⴰ, an individual | CASE NUMBER:<br>30-2009 00290980 |
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A., et al. (erroneously sued as WELLS FARGO BANK, a California Corporation) | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☒ The party or parties are willing to participate in an early settlement conference *(specify when):* Within 90 days of trial.

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

    ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Defendant anticipates that it will file a Motion for Summary Judgment.

CM-110

| PLAINTIFF/PETITIONER: JESSICA URSO, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A., et al. (erroneously sued as WELLS FARGO BANK, a California Corporation) | 30-2009 00290980 |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | June 2010 |
| Defendant | Plaintiff's Deposition | January 2010 |
| Defendant | Third Party Discovery | June 2010 |

   c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21.** Total number of pages attached *(if any):*_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 3, 2009

Beth C. Kearney
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                           ) ss:
COUNTY OF ORANGE )

      I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

      On **December 3, 2009**, I served the foregoing document(s) described as: **CASE MANAGEMENT STATEMENT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Kristine S. Karila
Law Offices of Kristine S. Karila
2901 W Coast Highway, Ste 200
Newport Beach, CA 92660
T: 949-481-6909
F: 949-481-6910

☒   **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐   **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒   **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 3, 2009**, at Irvine, California.

                                  **Valerie Beechler**

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Law Office of Kristine S. Karila, SB No. 162239 <br> 2901 W. Coast Highway, Suite 200 <br> Newport Beach, CA 92663 <br><br> TELEPHONE NO.: 949-481-6909      FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* karilalaw@att.net <br> ATTORNEY FOR *(Name):* Jessica Urso | RECEIVED <br><br> DEC 07 2009 <br><br> HODEL BRIGGS WINTER LLP |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Orange

STREET ADDRESS:   700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE:   Santa Ana, CA 92701

BRANCH NAME:   Central Justice Center

PLAINTIFF/PETITIONER: Jessica Urso

DEFENDANT/RESPONDENT: Wells Fargo Bank

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE** <br> (Amount demanded <br> exceeds $25,000)      ☐ **LIMITED CASE** <br> (Amount demanded is $25,000 <br> or less) | 30-2009-00290980-CU-WT-CJC |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: December 18, 2009      Time: 2:00 p.m.      Dept.: C-03      Div.:      Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☑  This statement is submitted by party *(name):*  Jessica Urso
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  August 5, 2009
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑  complaint      ☐  cross-complaint      *(Describe, including causes of action):*

   Employment Discrimination - Pregnancy; Refusal to Accommodate or to allow Family Leave to Give Birth

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courtinfo.ca.gov

American LegalNet, Inc. <br> www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: Jessica Urso | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank | 30-2009-00290980-CU-WT-CJC |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Jessica Urso was employed by Wells Fargo.  Ms. Urso became pregnant and early in the pregnancy, experienced complications which required her to reduce her stress level.  Her physician advised her to reduce work hours to 30/week.  Wells Fargo accommodated the request for awhile, but then Ms. Urso's supervisor and Human Resource Department decided that Ms. Urso must work 40 hours or "find a new job."  Ms. Urso was advised that her request to reduce her work hours and to take 6-8 weeks from work to give birth and bond with her infant was DENIED because she was not "completely incapacitated" or "required to lay in bed all day."  Ms. Urso considered her employment to be constructively terminated.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑   days *(specify number):*  Five
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Jessica Urso | 30-2009-00290980-CU-WT-CJC |
| DEFENDANT/RESPONDENT: Wells Fargo Bank | |

10. d.   The party or parties are willing to participate in (check all that apply):
   (1)  ☑  Mediation
   (2)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4)  ☐  Binding judicial arbitration
   (5)  ☐  Binding private arbitration
   (6)  ☐  Neutral case evaluation
   (7)  ☑  Other (specify):
          Mandatory Settlement Conference in February, 2010

   e.  ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f.  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g.  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**
   ☑  The party or parties are willing to participate in an early settlement conference (specify when):
      January or February, 2010

**12. Insurance**
   a.  ☐  Insurance carrier, if any, for party filing this statement (name):
   b.  Reservation of rights:   ☐ Yes   ☐ No
   c.  ☐  Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐  Bankruptcy   ☐  Other (specify):
   Status:

**14. Related cases, consolidation, and coordination**
   a.  ☐  There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐  Additional cases are described in Attachment 14a.
   b.  ☐  A motion to   ☐  consolidate   ☐  coordinate   will be filed by (name party):

**15. Bifurcation**
   ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**
   ☐  The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  Jessica Urso | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Wells Fargo Bank | 30-2009-00290980-CU-WT-CJC |

**17. Discovery**

    a. ☐  The party or parties have completed all discovery.

    b. ☑  The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Deposition of Supervisor | 12/16/09 |
| Plaintiff | Request for Documents | 12/10/09 |
| Plaintiff | Interrogatories, Req. for Admissions | 12/10/09 |
| Plaintiff | Treating Physicians Depositions | 12/31/09 |
| Defendants' written discovery to be | responded to by Plaintiff - 12/24/09 | |

    c. ☐  The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

    a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☑  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b.  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:  Early MSC, possible mediation

**21.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  12/4/09

| Kristine S. Karila | ▶ *(signature)* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐  Additional signatures are attached.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, am employed in the aforesaid county; I am over the age of 18 years and not a party to this action; my business address is 2901 W. Coast Highway, Suite 200, Newport Beach, CA  92663.

On December 4, 2009, I served the document entitled Case Management Statement by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Theresa A. Kading, Esq.
Hodel Briggs Winter, LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA  92618

XX      BY MAIL

On December 4, 2009, I deposited a sealed envelope containing the document described above in the mail at Laguna Niguel, CA.   The envelope was mailed with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.   Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Laguna Niguel, CA, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 4, 2009 at Laguna Niguel, California.

Kristine S. Karila

# EXHIBIT G

GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
Email: tkading@hbwllp.com
BETH C. KEARNEY (SB# 234762)
Email: bkearney@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as
"WELLS FARGO BANK, a California Corporation")

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| JESSICA URSO, an individual,<br><br>                  Plaintiff,<br><br>          vs.<br><br>WELLS FARGO BANK, a California Corporation, and DOES 1 through 20, inclusive,<br><br>                  Defendant. | CASE NO. 30-2009 00290980<br><br>Assigned for All Purposes to The Honorable Kazuharu Makino, Department C3<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441(b), (c), 1446(b), 1367(a)**<br><br>[Complaint Filed: August 5, 2009] |

42084

NOTICE TO ADVERSE PARTY OF REMOVAL TO UNITED STATES DISTRICT COURT

1   TO PLAINTIFF JESSICA URSO AND HER ATTORNEYS OF RECORD:

2

3            PLEASE TAKE NOTICE THAT a Notice of Removal of this action was

4   filed in the United States District Court for the Central District of California on January

5   21, 2010.  A copy of said Notice of Removal and supporting exhibits are attached to this

6   Notice, and are served and filed herewith.

7

8   Dated:  January *20*, 2010          HODEL BRIGGS WINTER LLP
9                                        GLENN L. BRIGGS
                                         THERESA A. KADING
10                                       BETH C. KEARNEY

11

12                                  By: _____
                                            BETH C. KEARNEY
13
                                    Attorneys for Defendant
14                                  WELLS FARGO BANK, N.A. (erroneously sued
                                    herein as "WELLS FARGO BANK, a California
15                                  Corporation")

16

17

18

19

20

21

22

23

24

25

26

27

28

42084

-1-

# EXHIBIT H

GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
Email: tkading@hbwllp.com
BETH C. KEARNEY (SB# 234762)
Email: bkearney@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as
"WELLS FARGO BANK, a California Corporation")

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| JESSICA URSO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, a California Corporation, and DOES 1 through 20, inclusive,<br><br>Defendant. | CASE NO. 30-2009 00290980<br><br>Assigned for All Purposes to The Honorable Kazuharu Makino, Department C3<br><br>**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441(b), (c), 1446(b), 1367(a)**<br><br>[Complaint Filed: August 5, 2009] |

42085

NOTICE TO STATE COURT OF REMOVAL TO UNITED STATES DISTRICT COURT

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF ORANGE:

Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse Party of Removal of this action to the United States District Court for the Central District of California. The original Notice of Removal of Civil Action to United States District Court (a true and correct copy of which is attached to Exhibit "1") was filed with the United States District Court for the Central District of California on January 21 , 2010.

The filing of said Notice of Removal affects the removal of the above-entitled action from this Court.

Dated: January 20 , 2010

HODEL BRIGGS WINTER LLP
GLENN L. BRIGGS
THERESA A. KADING
BETH C. KEARNEY

By: _____
BETH C. KEARNEY

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as "WELLS FARGO BANK, a California Corporation")

42085

-1-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 91 JVS  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )
JESSICA URSO, an individual

**DEFENDANTS**
WELLS FARGO BANK, a California Corporation, and DOES 1 through 20, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kristine S. Karila (SB# 162239)
Law Office of Kristine S. Karila
2901 W. Coast Highway
Suite 200
Newport Beach, CA 92663
(949) 481-6909

Attorneys (If Known)
Beth C. Kearney (SB# 234762)
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
(949) 450-8040

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** at least $50,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Cause of Action under the Family Medical Leave Act - 29 U.S.C. Section 2601 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

SACV10-00091 JVS(RNBX)

FOR OFFICE USE ONLY:   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2
                                                  CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).** **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b).** **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) 
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
- [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
- [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Dakota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Beth C. Kearney_     Date January 20, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |